```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA            :
                                        SEALED
         - v. -                     :   INDICTMENT

FAOUZI JABER                            13 Cr. CRIM 485
    a/k/a "Excellence," and         :
KHALED EL MEREBI,
    a/k/a "Short,"                  :
    a/k/a "Papa Natal,"
                                    :

                    Defendants.     :

- - - - - - - - - - - - - - - - - - X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 26 2013

COUNT ONE

CONSPIRACY TO COMMIT MONEY LAUNDERING

The Grand Jury charges:

1.  From at least in or about October 2012, up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, FAOUZI JABER, a/k/a "Excellence," and KHALED EL MEREBI, a/k/a "Short," a/k/a "Papa Natal," the defendants, and others known and unknown, knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(3)(A) and (B).

2.  It was a part and an object of the conspiracy that FAOUZI JABER, a/k/a "Excellence," and KHALED EL MEREBI, a/k/a "Short," a/k/a "Papa Natal," the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, with the intent to conceal and disguise the

**Judge McMahon**

nature, location, source, ownership, and control of property believed to be the proceeds of illegal narcotics trafficking, and with the intent to promote the carrying on of illegal narcotics trafficking in violation of U.S. and foreign law, knowingly would and did conduct and attempt to conduct financial transactions involving property represented to be the proceeds of illegal narcotics trafficking, in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B).

## OVERT ACTS

3. In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about October 17, 2012, in Accra, Ghana, FAOUZI JABER, a/k/a "Excellence," the defendant, met with two confidential sources (the "CSes"), acting at the direction of the Drug Enforcement Administration, who represented themselves to be drug traffickers affiliated with a particular criminal organization (the "Trafficking Organization"), seeking to launder the proceeds of narcotics trafficking.

b. On or about November 17, 2012, in Accra, Ghana, JABER met with the CSes and advised them, in substance and in part, that JABER was capable of moving money to New York for the Trafficking Organization.

2

c. On or about January 17, 2013, in Accra, Ghana, JABER and KHALED EL MEREBI, a/k/a "Short," a/k/a "Papa Natal," the defendants, met with the CSes and discussed, among other things, assisting the CSes in laundering proceeds of narcotics trafficking for the Trafficking Organization.

d. On or about March 10, 2013, in Accra, Ghana, JABER and EL MEREBI received from the CSes approximately $200,000 in purported narcotics proceeds for JABER, EL MEREBI, and their associates to launder for the Trafficking Organization.

e. At the meeting with the CSes on or about March 10, 2013 that is described in paragraph 3(d), JABER and EL MEREBI counted the approximately $200,000 in cash that the CSes had provided to be laundered on behalf of the Trafficking Organization.

f. On or about April 15, 2013, associates of JABER and EL MEREBI transferred $199,975 into a bank account in Manhattan, New York, which sum represented the funds that the CSes had provided to JABER and EL MEREBI for laundering, minus a processing fee.

(Title 18, United States Code, Section 1956(h).)

### COUNT TWO

### MONEY LAUNDERING

The Grand Jury further charges:

4. In or about 2013, in the Southern District of New York and elsewhere, FAOUZI JABER, a/k/a "Excellence," and KHALED

3

EL MEREBI, a/k/a "Short," a/k/a "Papa Natal," the defendants, with the intent to promote the carrying on of specified unlawful activity and to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did conduct and attempt to conduct financial transactions involving property represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate specified unlawful activity, to wit, in or about March 2013 and April 2013, JABER and EL MEREBI arranged the transfer from Ghana to Manhattan, New York, of approximately $200,000 that was represented to be the proceeds of illegal narcotics trafficking, and funds to be used to conduct and facilitate illegal narcotics trafficking, in order to promote the carrying on of illegal narcotics trafficking in violation of U.S. and foreign law, and to conceal and disguise the nature, location, source, ownership, and control of the funds.

(Title 18, United States Code, Sections 1956(a)(3)(A), (B) and 2.)

## COUNT THREE

### CONSPIRACY TO IMPORT COCAINE INTO THE UNITED STATES

The Grand Jury further charges:

5. From at least in or about October 2012, up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, FAOUZI JABER, a/k/a "Excellence," and KHALED EL MEREBI, a/k/a "Short," a/k/a "Papa

4

Natal," the defendants, who will first enter the United States in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

6. It was a part and an object of the conspiracy that FAOUZI JABER, a/k/a "Excellence," and KHALED EL MEREBI, a/k/a "Short," a/k/a "Papa Natal," the defendants, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof, in violation of Sections 959, 960(a)(3), and 960(b)(1)(B) of Title 21, United States Code.

Overt Acts

7. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. The overt acts set forth in Count One of this Indictment are fully incorporated by reference herein.

b. On or about March 10, 2013, at a meeting in Accra, Ghana, KHALED EL MEREBI, a/k/a "Short," a/k/a "Papa Natal," the defendant, provided one of the CSes referenced in paragraph 3

with written documentation of EL MEREBI's plan to use front companies in order to smuggle illegal narcotics.

   c. On or about March 10, 2013, at a meeting in Accra, Ghana, FAOUZI JABER, a/k/a "Excellence," the defendant, advised the CSes concerning methods that could be used to smuggle drugs through Africa.

   d. On or about March 10, 2013, at a meeting in Accra, Ghana, EL MEREBI proposed sending family members to New York in order to establish businesses that could be used in sending cocaine to New York.

   e. On or about March 11, 2013, at a meeting in Accra, Ghana, EL MEREBI provided the CSes with dishware and glassware as a sample of the dishware and glassware that EL MEREBI proposed using for the smuggling of illegal narcotics.

(Title 21, United States Code, Sections 963 and 959(c).)

### FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

   8. As the result of committing the money laundering offenses alleged in Count One and Two of this Indictment, FAOUZI JABER, a/k/a "Excellence," and KHALED EL MEREBI, a/k/a "Short," a/k/a "Papa Natal," the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the offense alleged in Count One and Two of this Indictment and all property traceable to such property.

## Substitute Asset Provision

9. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party;
- c. has been placed beyond the jurisdiction of the court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982, 1956, and 2; Title 21, United States Code, Section 853(p).)

## FORFEITURE ALLEGATION AS TO COUNT THREE

10. As a result of committing the controlled substance offense alleged in Count Three of this Indictment, FAOUZI JABER, a/k/a "Excellence," and KHALED EL MEREBI, a/k/a "Short," a/k/a "Papa Natal," the defendants, shall forfeit to the United States,

pursuant to 21 U.S.C. § 970, any and all property constituting and derived from any proceeds that the defendants obtained directly and indirectly as a result of the said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Three of this Indictment, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offense described in Count Three of this Indictment.

<u>Substitute Assets Provision</u>

11. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 970, to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property.

(Title 21, United States Code, Sections 963 and 970.)

_Kathleen Lucid_
FOREPERSON

_Preet Bharara_
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v. -

FAOUZI JABER
a/k/a "Excellence," and
KHALED EL MEREBI,
a/k/a "Short,"
a/k/a "Papa Natal,"

Defendants.

---

**INDICTMENT**

13 Cr.

(18 U.S.C. §§ 1956(h), 1956(a)(3) and 2;
21 U.S.C. §§ 959, 960(a)(3), and
960(b)(1)(B).)

PREET BHARARA
United States Attorney.

A TRUE BILL

*Kathleen Sucuci*
Foreperson.

6/26/13 - Filed Sealed Indictment.
 & A/W issued.
Judge For
USMJ