UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

UNITED STATES OF AMERICA

V.

FAOUZI JABER,

        Defendant.

_____x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/26/2024

S1 13 CR 485 (CM)

## DECISION AND ORDER DENYING DEFENDANT'S THIRD MOTION
## FOR COMPASSIONATE RELEASE

McMahon, J.:

    Faouzi Jaber pleaded guilty to conspiring to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B, and was sentenced to 15 years' imprisonment. Jaber has about two and a half years left to serve on his sentence— his projected release date is January 15, 2027.

    Before the Court is Jaber's third motion for compassionate release. *See* Defendant's Third Motion for Compassionate Release, filed September 30, 2021, Docket 75. (The Court has twice rejected compassionate release motions by Jaber. (*See* Dockets 69, 80)). In his latest motion, Jaber argues that the Court should grant him compassionate release because the Government deliberately withheld transcripts of recorded calls containing falsehoods that, if revealed, would demonstrate that (i) he did not coordinate a scheme to supply weapons to the

1

FARC to kill Americans, (ii) the Government enlisted Jaber's political enemies to entrap him, and (iii) Jaber was not aware that the FARC was a terrorist organization. Jaber also claims—as he did in his previous compassionate release motions—that his release is warranted because of his numerous health conditions and the BOP's inability to adequately care for him.

The motion is denied.

### Compassionate Release

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then consider whether the defendant has met his burden of establishing "extraordinary and compelling circumstances" warranting release. District courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring

2

before them." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). The burden of
showing that the circumstances warrant a sentence reduction is on the defendant. *See United
States v. Fernandez*, No. 22-3122-CR, 2024 WL 2926825, at *4 (2d Cir. June 11, 2024) citing,
*United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021).

Of course, a court contemplating a defendant's release pursuant to § 3582(c)(1)(A)(i),
must first consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they are
applicable, and determine whether they counsel for or against release. A court may still deny
compassionate release where the § 3553(a) factors override, in any particular case, what would
otherwise be extraordinary and compelling circumstances.

### Jaber Has Not Fully Exhausted his Administrative Remedies in the Bureau of Prisons

As an initial matter, Jaber has not exhausted his administrative remedies with respect to
several of the claims in the instant motion. Jaber's most recent request to the BOP for
compassionate release was filed almost two years ago in July 2022 and was denied in August
2022. That request to the BOP was limited to the following issues: (1) Jaber's alleged health
conditions such as three heart attacks, high blood pressure, and sleep apnea, and an allegation
that he will die in 2024, (2) his age and vision and hearing loss, (3) the fact that he has served
over 50% of his sentence, (4) his rehabilitation while incarcerated, (5) the fact that he will be
deported upon release, (6) the fact that he has several grandchildren that he has never met, and
(7) the existence of new COVID-19 variants. However, Jaber's request to the BOP did not assert
the arguments he now raises in his present motion to the court, specifically, as to the offense

3

conduct and certain of his health conditions, such as a shoulder fracture, degenerating lumbar vertebrae, an enlarged prostate, and a cyst on his kidney and a kidney stone.

"Where a compassionate release motion is brought by a defendant who has not 'fully exhausted all administrative rights,' the district court 'may not' modify his term of imprisonment." *United States v. Guzman*, No. 11 CR 514 (CM), 2023 WL 4863454, at *2 (S.D.N.Y. July 31, 2023) (denying compassionate release because the defendant did not demonstrate that he exhausted his administrative remedies).

Accordingly, Jaber's motion is denied for failure to exhaust.

The Motion Before the District Court

Even if Jaber had fully exhausted the claims he asserts in the present motion, his motion would be denied because his claims are all without merit.

*Challenge to his Conviction*

Jaber argues that the Government deliberately withheld transcripts of recorded calls and meetings that the Court requested during sentencing. Jaber contends that such transcripts contain falsehoods that, if revealed, would demonstrate that (i) he did not coordinate a scheme to supply weapons to the FARC to kill Americans, (ii) the Government enlisted Jaber's political enemies to entrap him, and (iii) Jaber was not aware that the FARC was a terrorist organization.

Jaber's argument attacking the validity of his conviction is not properly raised in his motion for compassionate release. The Second Circuit has stated in no uncertain terms that claims regarding the validity of a conviction, including potential-innocence claims, must be brought in habeas proceedings and cannot be considered in adjudicating compassionate release

4

motions. *United States v. Fernandez*, No. 22-3122-CR, 2024 WL 2926825, at \*10 (2d Cir. June 11, 2024). Accordingly, Jaber's arguments with respect to the offense conduct do not qualify as "extraordinary and compelling reasons" under section 3582(c)(1)(A).

> *Medical Conditions*

Jaber's remaining arguments pertain to his health conditions and the ability of the BOP to adequately care for him.

First, Jaber makes generalized allegations regarding the BOP's inability to provide adequate medical care to federal inmates. (Dkt. 115). Jaber broadly cites his "various requests for medical aid, and his complaints of physical ailments, including extreme pain." (*Id.*). Jaber also enumerates medical conditions that he suggests entitled him to release, including: coronary artery disease, dyslipidemia, hypertension, hearing loss, a shoulder fracture, degenerating lumbar vertebrae, an enlarged prostate, and a cyst on his kidney and a kidney stone. (Dkt. 122). However, Jaber's medical records "establish that he has received regular treatment and care for those conditions," and Jaber therefore "has not demonstrated that the BOP cannot adequately address his medical needs." *See United States v. Pouryan*, No. 11 Cr. 111 (NRB), 2023 WL 2456503, at \*2 (S.D.N.Y. Mar. 9, 2023) (internal quotations marks omitted).

For example, on January 4, 2024, Jaber underwent stress testing with respect to his heart, with normal results. (Dkt. 122 at 9. On February 27, 2024, Jaber was seen for an audiologic evaluation. The audiologist recommended a hearing aid and noted that a recommendation would follow. (*Id*. at 4); Ex. B at 37-39. On March 26, 2024, Jaber was evaluated in connection with his shoulder fracture and placed on a recovery plan, including medication and rehabilitation. (*Id*. at

5

13-17). On March 27, 2024, Jaber underwent a comprehensive CT exam of his chest, abdomen, and pelvis. Though certain of the medical conditions Jaber includes in his Motion are identified in the results (e.g., degeneration of certain lumbar vertebrae, a cyst on the left kidney, and a kidney stone), the results do not indicate that Jaber's medical provider expressed any significant concerns. In fact, the kidney cyst is described as "incidental" and "simple" and the kidney stone is described as "nonobstructing." (*Id.* at 8); Govt. Ex. B at 33. Additionally, on May 23, 2024, Jaber was seen by BOP Health Services and it was noted that (1) he has "minimal-mild" lumbar degenerative disease and is on medication. Ex. B at 6. As for Jaber's hyperlipidemia, that condition is being controlled with medication. *Id.*

Accordingly, Jaber has not met his burden of establishing "extraordinary and compelling circumstances" warranting his release.

*The Section 3553(a) Factors*

As for the § 3553(a) sentencing factors, they continue to militate overwhelmingly in favor of denying the defendant's Motion. The defendant was the driving force behind an international scheme to sell an arsenal of military-grade weapons to a terrorist group that he believed would be used to kill American soldiers in Colombia. Accordingly, early release is wholly unwarranted.

The motion for compassionate release is denied.

Dated: June 26, 2024

Colleen McMahon
District Court Judge

6