UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

UNITED STATES OF AMERICA

V.

FAOUZI JABER,

Defendant.

————————————————————————— x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-4-26

S1 13 CR 485 (CM)

## DECISION AND ORDER DENYING DEFENDANT'S FOURTH MOTION FOR COMPASSIONATE RELEASE

McMahon, J.:

Faouzi Jaber pleaded guilty to conspiring to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B, and was sentenced to 15 years' imprisonment. Jaber has just under a year left to serve on his sentence— his projected release date is January 15, 2027.

Before the Court is Jaber's fourth motion for compassionate release.

On July 6, 2020, Jaber filed his first motion for compassionate release, arguing that he should be released because of his age and various underlying health conditions (e.g., coronary artery disease and hypertension), which he alleged also rendered him especially vulnerable to COVID-19. (Dkt. 66). The Court rejected Jaber's contention that the BOP was incapable of caring for his chronic health issues. (Dkt. 69). The Court also concluded that although the

1

defendant, "by virtue of his age, poor heart health, and designation in a BOP facility with a not insignificant COVID-19 infection rate . . . has arguably met his burden of demonstrating an 'extraordinary and compelling reason,' *to be considered* for compassionate release," "[t]he same sentencing factors that warranted the imposition of the original sentence of 15 years' imprisonment—including the seriousness of the defendant's crimes—remain in full force and demonstrate that a sentence reduction is not warranted." (*Id.*). The Court emphasized that "Jaber's crimes are as serious as any that come before the Court  Indeed, the Court remarked at sentencing that the defendant was fortunate that the material-support statute capped his exposure at 15 years, because the gravity of his conduct easily could support a higher sentence. . . .Nothing in Jaber's compassionate release motion has altered the Court's conclusion." (*Id.*).

On October 5, 2021, Jaber filed his second motion for compassionate release, which substantially rehashed the same arguments that the Court rejected in the first motion. (Dkt. 75). The Court found the same, specifically that "Jaber's renewed motion for compassionate release identifies no new circumstance to cause the Court to question the conclusion it reached when it denied Jaber's first motion." (Dkt. 80).

In March 2024, Jaber filed his third motion for compassionate release. (Dkts. 114, 115, 121, 122). Jaber principally argued that his convictions were not valid, which, as the Court recognized, is not a cognizable basis for relief on a compassionate release motion. Jaber also, again, argued that he should be released because of his underlying health conditions. However, as the Court found, Jaber's medical records established that he was receiving regular treatment for his conditions, and he therefore had not demonstrated that the BOP could not provide

2

adequate medical care. The Court, once again, found that, due to the seriousness of the defendant's offense, the Section 3553(a) factors "continue[d] to militate overwhelmingly in favor of denying the defendant's motion." (Dkt. 131). Accordingly, the Court determined that early release was "wholly unwarranted." (*Id.*).

On September 3, 2025, Jaber filed yet another motion for compassionate release, his fourth and the motion presently before the Court, which he further supplemented on November 3, 2025. (Dkts. 139, 148). In his latest motion, Jaber principally contends that he has received inadequate medical care, which, when considering his age and the time he has already spent in prison, supports his early release. (Mot. at 24).

The Government opposes the motion arguing that (1) Jaber failed to completely exhaust his administrative remedies with the BOP; (2) Jaber has not demonstrated extraordinary and compelling circumstances justifying his release, and (3) the Section 3553(a) sentencing factors continue to support Jaber's sentence and weigh heavily against granting his motion.

The motion is denied.

Compassionate Release

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." *See* § 3582 (c) (1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative*

3

*rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, any reduction of a defendant's sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582 (c) (1) (A). These policy statements are set forth at § 1B1.13 of United States Sentencing Guidelines. Specifically, courts may consider a defendant's medical circumstances (§ 1B1.13(b)(1)), age (§ 1B1.13(b)(2)), family circumstances (§ 1B1.13(b)(3)), history of abuse (§ 1B1.13(b)(4)), and whether the defendant is serving an unusually long sentence (§ 1B1.13(b)(6)). There is also a "catchall provision," that allows a court to consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the considerations in U.S.S.G. § 1B1.13(b)(1)–(4), "are similar in gravity" to such circumstances. (§ 1B1.13(b)(5)).

But neither the amendment to the Guidelines nor the Circuit's decision in *Brooker* changed the mandate in § 3582(c)(1)(A)(i) that a court contemplating a defendant's release pursuant to that section must also consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they remain applicable, and determine whether they counsel for or against release. A court

4

always retains discretion to deny a motion for compassionate release if, in its view, the § 3553(a) factors override what would otherwise present extraordinary and compelling circumstances for release.

### Jaber Has Exhausted his Administrative Remedies in the Bureau of Prisons

Since his last motion for compassionate release, Jaber has filed three requests with the BOP for early release, each of which was denied: in August 2024, September 2024, and July 2025. *See* Govt Ex. A. Those requests include generalized arguments regarding Jaber's medical conditions and the lack of care he is receiving. The Government urges the Court to deny Jaber's "generalized" motion for failing to exhaust his claims with greater specificity within the BOP.

While perhaps somewhat lacking in specificity, Jaber's three motions addressed to the BOP allowed BOP to decide—in the first instance—Jaber's request for compassionate release on medical grounds, the subject of his present motion before the Court.

Accordingly, the Court is satisfied that Jaber has exhausted his administrative remedies, and the present motion for compassionate release is properly before the Court.

### The Motion Before the District Court

Jaber cites 1B1.13(b)(1)(C), which applies if the defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Although Jaber summarily asserts that the BOP has not provided him with adequate medical care, his medical records belie that notion. For example, in the last year, Jaber appears to have been

evaluated frequently (i.e., at least monthly) as part of his providers' efforts to address a variety of medical conditions, including his back pain and abdominal pain. *See* Govt Ex. B at 1-40. On March 1, 2025, after being transported to a hospital due to severe abdominal pain, Jaber was provided with an abdominal binder and new medication. *Id.* at 39. He was also scheduled to be assessed for a possible hernia and surgery. *Id.* Then, on April 15, 2025, Jaber was again seen by medical professionals and, as part of the appointment, they reviewed Jaber's medications and discussed a plan for addressing his back and abdominal pain. *Id.* at 26. After Jaber was further evaluated, it was determined that he did not have a hernia. *Id.* at 18. However, Jaber's providers noted that if the concern persisted, a CT scan was recommended. *Id.* B at 16. They also scheduled him for a follow-up appointment for his back pain. *Id.* at 15. On July 16, 2025, Jaber was again evaluated, at which time it was determined that he had no visible signs or symptoms of a hernia. *Id.* at 10. Instead, Jaber's providers determined that he was suffering from "constipation and may have developed adhesions from surgery." *Id.* They discussed a comprehensive treatment plan that included medication and various techniques for pain management. *Id.*

Accordingly, Jaber has failed in his motion to point to a single long-term or specialized medical need that is not being addressed. *See, e.g., United States v. Lora*, No. 16 Cr. 44 (KPF), 2022 WL 1055749, at *4 (S.D.N.Y. April 8, 2022) (denying motion where defendant's medical records made clear he had received appropriate care from BOP medical personnel, and there was "nothing to suggest that [the defendant] has been unable to care for himself"); *United States v. Gonzalez*, No. 03 Cr. 1310 (LAP), 2022 WL 874996, at *3 (S.D.N.Y. Mar. 24, 2022) (denying

6

compassionate release motion where there was "no suggestion" in defendant's medical records that he was not being treated for medical conditions).

Jaber points to Section 1B1.13(b)(2), which applies if the defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. Because the medical records do not reflect that Jaber is experiencing "a serious deterioration in physical or mental health because of the aging process," this section does not apply. Moreover, Jaber does not specifically tie any of his medical conditions to the aging process.

Finally, Jaber contends that the catch-all provision applies. Specifically, he argues that extraordinary and compelling reasons exist because he is an "elderly offender" and should have been released on that basis. There is no support for Jaber's assertion that his age alone is sufficient to warrant his release from custody.

Accordingly, the defendant has failed to demonstrate an extraordinary and compelling reason warranting his release.

Even if Jaber could show extraordinary and compelling reasons for a sentence reduction, the Section 3553(a) factors continue to weigh decisively against such a reduction.

Jaber's crimes were extremely serious. As I said when denying Jaber's last previous application for compassionate release (his third motion): "[Jaber was] the driving force behind an international scheme to sell an arsenal of military-grade weapons to a terrorist group that he believed would be used to kill American soldiers in Colombia." (Dkt. 131 at 6). The 15 years

7

sentence he received was, if anything, too lenient. Indeed, I said as much at sentencing: "What you did was an extraordinarily reprehensible thing, and if I had the power, I would actually punish you rather more severely than the law allows me to, but there is a statutory maximum sentence here of 15 years." It is entirely appropriate that Jaber remain in prison for the last year of his 15 years sentence, before he (as a non-citizen, convicted felon of the most serious kind) is removed from the United States.

Jaber's motion for compassionate release is denied.[1] The Clerk of Court is to terminate the open motions at dockets 139 and 148.

Dated: February 4, 2026

_____
Colleen McMahon
District Court Judge

---

[1] Jaber argues in a supplement to his motion that that several personal items, including his passports, money, and jewelry, were stolen by the DEA and because he has not received compensation for such items, his sentence should be reduced to time served. (*See* Dkt. 148). That motion is denied. Jaber has raised this identical issue in numerous letters and motions filed with the Court over the last decade. The Court has on several occasions directed the government to investigate the matter. The Court is satisfied that the Government released Jaber's passports to his former counsel in 2017 and that any personal property of the defendant remaining in the Government's possession was released to defense counsel in 2022. (*See* Dkt. 96).