UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————x

UNITED STATES OF AMERICA

      v.                                                  S1 13 CR 485 (CM)

FAOUZI JABER,

      Defendant.

———————————————————————————x

### DECISION AND ORDER ON DEFENDANT'S MOTION FILED PURSUANT TO 60(b)

McMahon, J.:

Faouzi Jaber has filed a motion asking the Court to set aside his conviction and sentence. pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (*See* Dkt. 147 at 4).

What Jaber is seeking is appropriately construed as a motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). However, Jaber previously filed a motion for relief under Section 2255 challenging this judgment of conviction, which was denied on the merits. (*See* Dkt. 65). That renders the instant Motion a successive habeas petition. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). An applicant seeking to file a successive habeas petition must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see id.* § 2255(h). "[D]istrict



USDC
DOCUMENT
ELECTRONIC    `FD
DOC #: _____
DATE FILED: 2-27-26

courts lack jurisdiction to rule on the merits of successive claims and should transfer successive claims to" the Second Circuit. *Forbes v. United States*, 121 F.4th 1013, 1015–16 (2d Cir. 2024).

Accordingly, the Court hereby orders the Clerk of the Court to transfers Jaber's motion to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination of whether it may proceed in this Court. The Clerk is further directed to terminate the motion at Dkt. 147.

Dated: February 24, 2026

Colleen McMahon, U.S.D.J.